UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAPO ADEYEYE ) </br> ) </br> Petitioner, ) </br> ) No. 05 C 1087 </br> vs. ) District Judge Wayne R. Andersen </br> ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Respondent. ) | |

## MEMORANDUM, OPINION AND ORDER

The case is before the Court on a motion to vacate, set aside or correct the sentence of petitioner Dapo Adeyeye pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is denied.

## BACKGROUND

On March 30, 2000, petitioner Dapo Adeyeye was charged with possession with intent to distribute over one kilogram of heroin, in violation of 21 U.S.C. § 841(a)(1). Adeyeye pled guilty to the charges and was sentenced to the statutory minimum of 120 months after the Court determined that he was not eligible for a downward departure under U.S.S.G. § 5C1.2 (also known as the "safety valve" provision). This finding was based on petitioner's failure to meet the fifth prong of the provision due to his lack of truthfulness at the sentencing hearing (which contradicted an earlier statement the petitioner had made to the police about his offense conduct).

Upon appeal to the United States Court of Appeals for the Seventh Circuit, petitioner's conviction and sentence were affirmed on February 20, 2004. *See United States v. Adeyeye*, 359 F.3d 457 (7th Cir. 2004).

Adeyeye's collateral appeal under § 2255 attacks the procedures used in his sentencing, the ineffectiveness of his counsel, and alleged promises of downward departure made by the government. We will first address petitioner's sentencing claims, of which there are three: 1) that petitioner was wrongly informed of his potential sentence, which led him to enter into his guilty plea; 2) that petitioner was wrongly sentenced above his maximum Sentencing Guideline range; and 3) that the Supreme Court's ruling in *Booker* forces the Court to lower petitioner's sentence.

## DISCUSSION

### I.    Petitioner's Sentencing Claims

First, petitioner claims his guilty plea was uninformed and unintelligently entered because the Court erred by advising him that the statutory maximum sentence he faced was life in prison when, according to defendant, his maximum was a range of 121-151 months. He also claims that his sentence should be set aside because it fell outside his Guideline range of 87-108 months. Finally, he claims that recent legal developments (namely, the Supreme Court's decision in *United States v. Booker*) require that this Court vacate, set aside or correct his sentence.

Both of petitioner's first two arguments represent fundamental misunderstandings of the relationship between the United States Sentencing Guidelines and Congressionally-mandated minimum and maximum sentences. While petitioner is

2

correct in noting that the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005) made changes to federal sentencing procedures, these changes do not affect petitioner's sentence. Petitioner is wrong is his assertion that the decision in *Booker* abolished statutory maximums and minimums. *Booker* actually abolished the mandatory use of the Sentencing Guidelines in sentencing procedures, holding that the guidelines now only serve an advisory function for judges. *Id* at 266. The authority of the Court to exercise broad discretion in imposing a sentence within the statutory range is clearly stated in the cases on which the petitioner mistakenly relies. *See Apprendi v. New Jersey*, 530 U.S. 466, 481 (2000); *see also United States v. Paladino*, 401 F.3d 471, 482 (7th Cir. 2005) (sentencing is the choice of a point within a range established by Congress, and normally the range is a broad one).

Petitioner's crime, possession with intent to distribute over a kilogram of heroin, carries a maximum sentence of life in prison. 21 U.S.C.A. § 841(a)(1). There is no doubt that he was in fact correctly informed of the maximum range under the statute. Therefore, petitioner's first sentencing claim is erroneous.

Petitioner's belief that he was sentenced incorrectly is also mistaken, since his understanding of a maximum possible sentence is based on his guideline range, and not the statute. Although petitioner did receive reductions in his guideline calculations due to his acceptance of responsibility, this only serves to affect his sentencing range under the United States Sentencing Guidelines. Judges are not permitted to sentence below statutory minimums unless the government makes a substantial assistance motion, or defendant meets the requirements of the "safety valve" provision (found in U.S.S.G. § 5K1.1). *See United States v. Crickon*, 240 F.3d 652 (7th Cir. 2001) (citing 18 U.S.C.A.

3

§ 3553(e) in outlining sentencing procedure); *see also United States v. Vega-Montano*, 341 F.3d 615 (7th Cir. 2003). Since petitioner was ultimately sentenced to the statutory minimum prescribed for his offense, his guideline calculations are inconsequential, and this claim must also fail.

Finally, even if petitioner presented a colorable claim that fell within the purview of *Booker*, such an argument would not be open to him, as courts have consistently held that rights recognized by *Booker* do not apply retroactively on collateral review. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

## II. Petitioner's Ineffective Assistance Claims

Petitioner argues that he was denied effective assistance of counsel because his attorney did not seek departures for: 1) minimal or minor role; 2) a substantial assistance departure; or 3) a departure for "other circumstances" under § 5K2.0 of the Sentencing Guidelines.

To succeed on a claim of ineffectiveness, petitioner must show: 1) that his attorney's representation was deficient; and 2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). These two prongs are known as the "performance" prong and the "prejudice" prong.

The legal standards involving the two prongs are well established. Under the performance prong, petitioner must identify the specified acts or omissions that form the basis for his claim. *United States v. Moya-Gomez*, 860 F.2d 706, 763-764 (7th Cir. 1988). Once identified, the Court must determine, in light of all the circumstances, whether the identified acts or omissions were outside the wide range of professionally competent

4

assistance. *Strickland,* 466 U.S. at 690. In proving ineffectiveness, petitioner must overcome the strong presumption that counsel provided adequate assistance and made decisions in the exercise of reasonable professional judgment by showing that his counsel's performance fell below an objective standard of reasonableness. *Id.* To satisfy the second prong (the "prejudice" prong), petitioner must show that there is a reasonable probability that, but for counsel's errors, the results of the proceedings would have been different. *Id* at 687. Prejudice may only be found if the Court's confidence in the outcome of the proceeding is undermined as a result of counsel's performance. *See Morris v. United States,* 264 F.3d 726, 727 (7th Cir. 2001).

In her motion for downward departure, petitioner's counsel argued that her client was eligible for a reduced sentence under the safety valve provision. To qualify for this reduction, a defendant must meet the five criteria set out in U.S.S.G. § 5C1.2:

(1) The defendant does not have more than one criminal history point, as determined under the sentencing guidelines;
(2) The defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(3) The offense did not result in death or serious bodily injury to any person;
(4) The defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines, as defined in 21 U.S.C. § 848; and
(5) Not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course or conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the Court that the defendant has complied with this requirement.

Both the District Court and the Court of Appeals found petitioner ineligible for the sentence reduction based on his statements at the sentencing hearing (which contradicted statements he had made to the police on the day of his arrest). The Court believed that Adeyeye's inconsistent statements dealt with activity that was part of the same course of conduct or a common plan of drug trafficking, and that he was not entitled to the reduction. *Adeyeye*, 359 F.3d at 463.

Petitioner's claim that counsel's choice in seeking downward departure via the safety valve represented ineffective assistance clearly does not satisfy either prong of the *Strickland* test. The safety valve provision was the only means available to counsel to reduce his sentence below the statutory minimum. 18 U.S.C.A. § 3553(e). Once the safety valve option failed, the further tactics suggested by petitioner above became futile. Even if the court had granted a downward adjustment based on petitioner's "minor role," this would not have changed petitioner's sentence. In choosing to focus her motion for downward departure on the safety valve provision, counsel certainly made an objectively reasonable choice that in no way prejudiced the petitioner.

## VI. Petitioner's Claims of Substantial Assistance

Finally, petitioner argues that he is entitled to a reduction in his sentence for providing "substantial assistance" to the Government. This claim stems from petitioner's attempts to set up other drug dealers (in concert with Government agents) on the day of his arrest. Although these efforts ultimately provided futile, petitioner feels that he should receive a reduction for his assistance. He is not entitled to such a reduction.

The government makes the ultimate determination whether a criminal defendant is eligible for a reduced sentence based on substantial assistance:

> **Upon motion of the Government**, the Court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. 18 U.S.C.A. § 3553(e) (2003), U.S.S.G. § 5K1.1.

The government did not offer such a motion, so the Court cannot depart downward on grounds that petitioner provided substantial assistance to the government. *United States v. Santoyo*, 146 F.3d 519, 523 (7th Cir. 1998).

As the petitioner has not alleged any bad faith, unreasonableness or arbitrariness in the government's action (he in fact admits that he has no such evidence), petitioner's final claim must also fail. The government's refusal to offer such a motion is reviewable only for unconstitutional motive. *Id.*

## CONCLUSION

For the foregoing reasons, this court denies the petition to vacate, set aside or correct the sentence.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: March 10, 2006